UNITED STATES of America, Plaintiff–Appellee,

v.

Terrance G. MOTLEY, Defendant– Appellant.

No. 03–5036.

United States Court of Appeals, Sixth Circuit.

April 1, 2004.

Tony R. Arvin, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

K. Jayaraman, Memphis, TN, for Defendant–Appellant.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, Senior District Judge.*

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Terrance G. Motley appeals his jury conviction and sentence on two counts of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). For the following reasons, we AFFIRM the judgment of conviction and sentence imposed by the district court.

## I. BACKGROUND

Motley was indicted on three counts of being a felon in possession of firearms or ammunition, in violation of 18 U.S.C. § 922(g). Count One charged Motley with possessing firearms on November 19, 1999, when police found numerous weapons in his room at 3181 Pershing Avenue. Count Two charged him with possessing firearms on October 9, 1999, when police found a weapon inside the car Motley was driving. Count Three charged that on April 2, 1998,

Motley unlawfully possessed ammunition. Each count was premised on Motley's having previously been convicted of aggravated burglary and assault, crimes punishable by a term exceeding one year. *See* 18 U.S.C. § 922(g) (making possession of a weapon or ammunition unlawful for "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."). It is also relevant to note that Motley was convicted by the state of Tennessee for the actions underlying Count Three of the federal indictment. Specifically, Motley was convicted by a Shelby County jury of criminal attempt to commit first-degree murder and being a felon in possession of a firearm as a result of the incident on April 2, 1998.

A jury found Motley guilty of Counts One and Two of the federal indictment, and the district judge sentenced him to 240 months' imprisonment. Count Three of the indictment had previously been severed by the district judge and was dismissed after sentencing, at the Government's request, because, as just explained, Motley was convicted and sentenced in state court for the actions underlying that Count.

## II. DISCUSSION

### A. *Sufficiency of the Evidence*

Motley contends that there was insufficient evidence to support his conviction on Count Two of the indictment, which charged him with being a felon in possession of a firearm on October 8, 1999. We use a deferential standard to review this claim. The test is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We are unpersuaded by Motley's arguments that no physical evidence—such as a fingerprint—was introduced to link him to the gun found in the car he was driving and that the only evidence linking him to the weapon was his mere presence in the car. Evidence of constructive possession suffices to satisfy the requirement of proof that a defendant possessed a firearm, *United States v. Clemis,* 11 F.3d 597, 601 (6th Cir.1993), and "[c]ircumstantial evidence by itself can support a defendant's conviction." *United States v. Copeland,* 321 F.3d 582, 600 (6th Cir.2003). "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Kincaide,* 145 F.3d 771, 782 (6th Cir.1998).

Motley's mere proximity to the firearm does not, without more, constitute probative evidence that he was in constructive possession of the weapon. But in this case, the jury had more than Motley's mere proximity to the weapon to consider. It is undisputed that Motley was driving the car, and proof that a defendant "has dominion over the premises where the firearm is located" contributes to a finding of constructive possession. *Clemis,* 11 F.3d at 601. Furthermore, the jury heard testimony that when the police officers pulled up behind Motley on October 8, 1999, he tried to evade them by turning a corner at high speed, pulling into a stranger's driveway, exiting the car, and attempting to flee. Because Motley was the driver, the jury was permitted to infer that it was his decision to take evasive action, and the jury could consider such action probative of his possession of the gun. Finally, the

jury heard evidence that on November 19, 1999, when police officers searched Motley's bedroom at 3181 Pershing Avenue, they found a holster and ammunition clip matching the pistol found in the car. Cumulatively, the incriminating evidence just described constitutes sufficient evidence for a reasonable juror to convict Motley on Count Two of the indictment.

### B. *Motion to Suppress*

██ Motley next contends that the district court erred in denying his motion to suppress evidence found in the car he was driving on October 8, 1999, and in his room at 3181 Pershing Avenue on November 19, 1999. When reviewing a district court's decision concerning a motion to suppress evidence, we review the district court's legal conclusions *de novo* and will uphold its factual findings unless they are clearly erroneous. *United States v. Lewis,* 231 F.3d 238, 241 (6th Cir.2000).

With respect to the search of October 8, 1999, we need not address the factually murky question of whether or not the gun was in plain view in the car driven by Motley because, even if the "plain view" exception to the Fourth Amendment's exclusionary rule were inapplicable here, the search was lawful pursuant to the inevitable discovery doctrine, which renders the exclusionary rule inapplicable where the evidence would inevitably have been discovered through lawful means. *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Here, the police lawfully conducted an inventory search of the car prior to having it towed because neither Motley nor the two passengers in the car had valid driver's licenses and because the car was partially on a public sidewalk and partially on the private property of a person whom defendant did not know. The gun would inevitably have been discovered pursuant to that inventory search.

Accordingly, the motion was properly denied with respect to the search of the car on October 8, 1999.

■ The search of Motley's room on November 19, 1999 was lawful pursuant to the consent to search provided by his mother, Gwen Motley, the leaseholder/owner of the house. Although Gwen Motley testified at the suppression hearing that her consent to search was neither knowing nor voluntary, the district judge expressly found her not credible. The "trial court is given wide latitude to assess the credibility of witnesses." *United States v. Haynes*, 301 F.3d 669, 679–80 (6th Cir.2002) (citation omitted). The district judge's credibility determination is amply supported by the record. The police detectives testified credibly and consistently regarding their actions and Gwen Motley's responses on the night of November 19, 1999. And the exhibits—namely the consent-to-search form signed by Gwen Motley prior to the search and a statement she signed afterwards confirming her consent—corroborate the detectives' testimony. Accordingly, we conclude that the search of November 19 was lawful.

### C. Impeachment With Prior Conviction

■ Motley next contends that the district court erred by permitting the Government to impeach his credibility on cross-examination with his prior felony burglary and aggravated assault convictions. Because Motley did not object to the impeachment evidence at trial, we review for plain error. *United States v. Davis*, 306 F.3d 398, 417 (6th Cir.2002). Motley must show that there was an error, that the error was plain, and that it affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The error must be one that "seriously affect[s] the fair-

ness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). Motley contends that, because he stipulated to his general felon status for purposes of the Government's case-in-chief (that is, the felon-in-possession charges), the Government was barred from impeaching him on cross-examination with the nature of his prior felony convictions.

When a defendant who has been charged as a felon in possession of a firearm offers to stipulate to the existence of an earlier felony conviction, the Government typically cannot adduce proof of the nature of that conviction in order to establish the status element of the felon-in-possession offense. *See United States v. Tavares*, 21 F.3d 1 (1st Cir.1994). However, this general practice does not apply if the nature of the conviction is relevant for another purpose, such as impeachment. *Id.* Federal Rule of Evidence 609(a) provides that when a defendant testifies in a criminal case, evidence of his conviction for a crime "punishable by death or imprisonment in excess of one year" shall be admissible to impeach his credibility "if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused."

But Motley contends that the Government's question about his aggravated assault conviction was prejudicial error, as was the district court's failure to give the jury a curative instruction. We disagree. Motley had not even finished responding to the Government's question about his aggravated assault conviction when the district judge interjected and ordered counsel for both parties to the bench for a side-bar conference. Although Motley's counsel conceded the Government's right to inquire into his past record, the district judge instructed the Government to cease

its line of questioning about the aggravated assault conviction. The court, however, permitted the Government to continue to impeach Motley with his prior conviction for aggravated burglary.

We find that Motley was not prejudiced to an unconstitutional degree by the Government's reference to his aggravated assault conviction. Although the district judge failed to give the jury a curative instruction after the Government asked Motley about his aggravated assault conviction, the court nevertheless promptly stopped the Government's line of questioning in its tracks. Moreover, the strength of the evidence against Motley persuades us that the jury's knowledge of his aggravated assault conviction did not substantially affect its verdict or the integrity, fairness, or reputation of the judicial proceeding.

D. *Sentencing Enhancement Pursuant to U.S.S.G. § 2K2.1(b)(5)*

■ Lastly, Motley contends that the district court improperly enhanced his total offense level pursuant to United States Sentencing Guidelines § 2K2.1(b)(5) (2000), which provides for a four-level sentencing enhancement "if the defendant used or possessed any firearm or ammunition in connection with another felony offense." The district court's factual findings concerning application of the United States Sentencing Guidelines are reviewed for clear error and its legal conclusions are reviewed *de novo*. *United States v. Scott,* 74 F.3d 107, 111 (6th Cir.1996).

Having studied the record on appeal and the briefs of the parties, we find no sentencing error. The record, including the testimony of U.S. Probation Officer Anita Hughey, which was based, in part, on a copy of the state court judgment of conviction, sufficiently demonstrated that Motley used a firearm and/or ammunition in connection with another felony offense on April 2, 1998. It is irrelevant that the copy of the state court judgment was uncertified and irrelevant that the district judge excluded it pursuant to Federal Rule of Evidence 1005. The Federal Rules of Evidence do not apply to sentencing hearings. *See* Fed.R.Evid. 1101(d)(3).

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of conviction and sentence imposed by the district court.